may begin whenever you're ready. And we're well aware that, except for the identifying information, the BIA's decision in this case is identical to the one in the previous case, so. Yes, Your Honor. But perhaps you'd want to build on what was said. Yes. Well, first of all, I wanted to address. Would you first identify yourself? Oh, I'm sorry, yes. I'm Bernadette Willeke-Connolly, appearing for the Petitioner. Well, we have to look at the — one moment, I have to — well, first of all, this Court has already found in Cardenas-Urriate that possession for a drug paraphernalia is a lesser crime and is protected under the Federal First Offenders Act. Like being under the influence, being in possession of a paraphernalia is not expressly included in the terms of the Federal First Offenders Act. Why is this, in your view, lesser? I mean, that was something that has appeared in our previous cases, but what makes a crime lesser? Well, Your Honor, a couple of things. One is that under Federal law, it's not even considered important enough to be classified as a crime. Also, under California State law, it can — being under the influence can only be classified as a misdemeanor, whereas being in possession can be either charged as a felony or a misdemeanor. So that shows that as far as California is concerned, that the being under the influence is considered a less important crime. Also, this Court has stated in a couple of cases that generally being under the influence is considered a lesser crime than being in possession of a drug. And in California, there are two species of possession. One is being in possession basically for personal use. The other one is — and is much harsher punish for drug trafficking, being for, say, for transportation and so on. So to have somebody to be punished for being under the influence and not being eligible for the Federal First Offenders Act while he at the same time for a more serious crime, namely possession, could get treatment leads to an absurd result. And in Cardenas-Uriarte, the court-applied factors say — and one of them was that it leads to an absurd result. Now, in our case, the Petitioner did not plead down from a possession. He was immediately charged with possession, and he was charged with being under the influence. So in that regard, it would not lead to the same absurd result as in Cardenas-Uriarte, where he had actually pled down from possession to being under the influence. However, as a matter of public policy, it would lead to an absurd result, because every alien who now would be charged with being in possession and could plead down to being under the influence would not do so because he would be deported for being under the influence and not for being in possession. Furthermore, this case — this Court has also held in two cases. One actually was concerned with the — whether being under the influence of marijuana was included, so to speak, in being of possession for personal use. And this Court decided that, yes, it was included because the possession for marijuana statute said for personal use, and therefore, it would be absurd to say it's for personal use and then you don't use it. And the same is true in — in these type of cases. Normally, people who are charged with drug crimes, we usually see three charges together. One is being in possession. One is being in possession of paraphernalia. And then the other one is being under the influence, where being in — being under the influence and being in possession of drug paraphernalia is not — yes, Your Honor. In California, what — how much — what's the test of being under the influence? That I don't — well, I don't know the procedure, Your Honor. I don't — I just wonder how you — we know with alcohol, we use a blood analysis. I think it can be any amount. That's what I was getting at. Yes. I suspect it's use of any amount. And I think what we have to look at is, while it is true that being under the influence can lead to other crimes, so can be in possession. Because if you possess a drug, maybe you share it with other people, even if you don't traffic it, but maybe you just offer a little bit to your friends and then get them started on the drugs. Well, that's distribution, and that's — that's even more of a problem. But I — I mean, it's true, if you possess it in small amounts for personal use, you're probably expected to use it, but — That's right, Your Honor, and that is why I'm saying, under — in California, there is — under what the client was charged here, it was simple possession, and that is — implies personal use. Otherwise, it would be charged as being in possession for sale. And when you have the drug and you ingest it, to me, it would be absurd and also frustrate Congress's intent of the Federal First Offenders Act. This Court has stated in many decisions that the — that basically the purpose of the Federal First Offenders Act is to give people a second chance when they committed the least of the criminal — of the drug crimes. And again, under Federal law, being under the influence is — is not even a concern. Number two, it — in this case, it was one incident out of which that arose. I would submit that — that that is different than when he had been initially arrested for being in possession and after that being in — being under the influence. And this Court has held in — in Dillheim v. INS that involved a case where a British subject had two crimes arising out of the same incident for possession — for possession of marijuana and for possession of cocaine. And this Court held that he was eligible, arising out of the same incident. And this Court held that he was eligible for Federal First Offenders Act. And the BIA in that case had not denied it based on that ground, but they had denied it stating because his expungement was in England, that it couldn't apply for the Federal First Offenders Act because it was not a State expungement. And that was reversed, too. So there is precedent, still good precedent, in this Court that says if you have two possessions, simple possessions arising out of the same incident, that that is qualified for treatment under the Federal First Offenders Act. So I think the real question is here whether being under the influence needs to be included. And as I stated, it has been — it has been found that being in possession of marijuana includes being also under the influence as a lesser-included crime. You have about a minute and a half if you wanted to save any time for rebuttal. Oh, yes. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Ben Zeitlin on behalf of the Attorney General. The previous case before this and this case as well have basically touched on the exact same issues. And that issue is whether when one is convicted for two simultaneous offenses, does — will that — will an alien receive the benefit of the Federal First Offenders Act. By its express terms, the Federal First Offenders Act applies to one singular offense for simple possession. In this case, we have two simultaneous offenses, one for possession and one for being under the influence of a drug, which in this case was cocaine. And for those — for those reasons, because it was not — because only — and the Board acknowledged it. They said this might — they said even if we expunge the simple possession crime for immigration purposes and remove it, this Petitioner has still been convicted for being under the influence of cocaine for immigration purposes and is, therefore, ineligible for cancellation of removal. It's hard to fathom a circumstance where an individual is convicted for two possessions and would get the benefit of an ameliorating Federal statute that is meant to allow individuals prosecuted for the most simplest of drug offenses to ask for the benefit of that statute when they're convicted of two crimes at the same time. It ends up asking this Court in every situation where an individual is convicted of two simultaneous crimes, one being simple possession and one being any other crime, to engage in a guessing game and essentially say what crime — does any crime, does any second crime, if it's not simple possession, fall under the Federal First Defenders Act? The implication of your argument, we should just leave it to the charging prosecutor. I mean, you can manufacture extra counts out of one incident without limit. Well, at first, Your Honor, I'd like to point out that this is a cancellation of removal case and the burden falls upon the alien to prove his eligibility for relief. The documents submitted by the alien in this case don't specifically — they list the statutory counts that he pled guilty to. There was no — he didn't contest the allegations. And there's no testimony as to what exactly the offenses were. I was just looking at the effect of your argument on the Federal First Defender Act, basically. I mean, even in a regular straight criminal situation, to argue that multiple offenses arising out of one incident, for instance, makes one ineligible, kind of — Well, we're trying — It permits the act to be defanged pretty thoroughly. Well, I think if — just to restate, just to make it more for the sake of clarity, that we're trying to analogize a Federal statute to State — to a State statute. So that's where it's a little bit different, because as counsel discussed, being under the influence is not a Federal violation. So you couldn't have a prosecutor just throwing that in and saying, well, for immigration purposes, we're going to just throw in being under the influence charge in order to make sure this person doesn't get the benefit of FFOA. Here, what we're trying to do is take a California State statute, a criminal statute, and say, when that crime is expunged or a deferred entry of judgment is entered under State law, is there a corollary in the Federal laws that would also say that that expungement would have taken place if this individual was charged under Federal law? And the simple answer is there would not have been an expungement under Federal law of both crimes. If the — if Congress — if the congressional intent was to say simple possession in other drug-related offenses or multiple convictions at the same time, Congress would have done that. But Congress — Sotomayor, what is your response to the argument that our past cases seem to have come up with a rule that what Congress really intended was simple possession or anything even more puny than that, that is related to the same event? And that seems to be the state of the law, and counsel argues that we can tell that this crime is lesser because it's only a misdemeanor, and the Federal government hasn't even seen fit to criminalize it. I know that's kind of a long-winded gestalt, but, you know, what is your response to that line of argument? I think that the clear difference in those cases is this Court has held where an individual is charged with simple possession, yet it could be two counts, as in the Cardenas case, but pleads down to one count of, let's say, drug — possession of drug paraphernalia. Then that — this Court has said that's a simple possession case, and it would be the absurd result. Because it was charged that way to start. Because you're initially charged with the simple possession. And then if you plead down, it would seem absurd in this Court's language to say, well, you can plead down from a simple possession to a lesser offense, and that you still wouldn't get the benefit of the FFOA. That's what that — what this Court is saying, and it's always been when you've been charged with just one crime. So you might have been — I'm sorry, when you've pleaded guilty to only one crime, which was a lesser offense than simple possession. Here we have a plea to two crimes. There wasn't — and it wasn't a plea down. It was simply that he — the individual was — What I'm trying to figure out is whether — whether it is lesser in your view, or how it is we're supposed to tell what's lesser. I mean, I suppose in this case, had there been only one conviction on the possession, or only one charge, and the person had pleaded down to being under the influence so that it was a misdemeanor, we'd be under our previous cases, or we might be. I think in that circumstance where the individual is charged with one count of — or two counts, as stated in the Cardenas case, and then pleaded down to a — under the influence, that might fall under this Court's — What's lesser? How do we know when — when there's no pleading down involved like this, is there a way that we can figure out what counts as lesser? You know, this is the only circuit within the country that has determined what lesser is, and as an attorney representing the government, it's hard for me to understand what the judicial intent is in determining what a lesser offense is. From the plain reading of this Court's decision-making, it's clear that when one is charged with a felony possession and then pleads down to a misdemeanor, then that would seem to be lesser. Well, it seems like — it seems that your argument, if I'm understanding it correctly, is that the only way this construct works side by side with the First Offender Act is if the very charge itself is that which is contemplated in the Federal First Offender Act, simple possession, and that if you figure out a way to get less of a sentence by pleading to something that gives you less of a sentence, that counts as lesser. But except where that is the sole charge to begin with, that line of reasoning doesn't apply. Is that right? That's correct. I mean, the government would take a limited reading of the holding in Cardenas and the other decisions and say that an analogy to the Federal First Offender Act would only take place where one is charged with simple possession or takes a lesser plea, pleads down to a misdemeanor, where you're initially charged with the simple possession crime and then you plead to a lesser crime. I mean, that seems to be the construct that this Court has set up. In this case, the Petitioner pled in criminal court to these two separate and distinct charges. There was no – I'm not sure if there was any attempt to, you know, negotiate a different agreement, but this is what the judgment in the record shows, that this individual was charged with two distinct crimes. And it would be a very broad interpretation of congressional intent to say that where one is charged with two distinct crimes and pleads guilty to those crimes, that they would get the benefit of the FFOA, where the FFOA doesn't seem to give any ameliorative effect to multiple convictions at the exact same time. If there are no further questions, the government rests on its brief. Thank you very much, counsel. Thank you. And, Ms. Connolly, you have a little bit of time remaining if you would like to use it. My rebuttal is going to be in the – this Court's own words. First, I wanted to cite out of a decision that Judge Canby wrote, which says the government argues vigorously that marijuana use can come within provisions of Section 1227A2Bi relating to marijuana possession. This is not a sensible construction of the governance statute. Congress provided that the person is not subject to removal for a single offense involving possession for one's own use of 30 grams or less of marijuana. It defies reason to conclude that Congress wanted to protect a person who possessed marijuana in small amounts for his own use, but then wanted to remove him from the country if he did so use it. So in analogy, the State here, he has a – had a small amount for personal use. He was convicted of possession, and then he used it. So the same reasoning applies. And then really quickly, Judge Reinert wrote in a concurring opinion that Federal efforts to decrease demand for illicit drugs have generally been not punitive, in part out of recognition of the addictive nature of most controlled substances. Ordinarily, we look to treat drug users rather than to punish them. Although many States such as California – I see my time is up. Can I finish the sentence? Please. Thank you. So although many States such as California continue to address drug use through the criminal justice system, the Federal Government generally has not chosen this approach. Leaving aside, however, the habitual drug user or drug addict, deportation for a single under the influence conviction is obviously an egregious form of Federal punishment of what is normally no more than a misdemeanor offense. Thank you, counsel. We appreciate the arguments that both of you have given today, and the case just argued is submitted.
judges: B. Fletcher, Canby, Graber